IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **In re:** | ) | |
| **JAMES JOSEPH MELUZIO** | ) | BANKRUPTCY NO. 10-02083 |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| **JAMES JOSEPH MELUZIO** | ) | |
| | ) | |
| Plaintiff/Debtor, | ) | |
| | ) | |
| v. | ) | ADVERSARIAL PROCEEDING |
| | ) | 1:10-ap-00165 |
| **CAPITAL ONE BANK (USA), N.A.** | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT CAPITAL ONE BANK (USA), N.A.'S
### MOTION TO DISMISS

Defendant Capital One Bank (USA), N.A. ("COBUSANA"), by counsel, moves this Court to dismiss the Complaint filed against it by plaintiff James Joseph Meluzio ("Plaintiff") in its entirety because Plaintiff's claims for violations of section 2-128(e) of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101, *et seq.* ("WVCCPA"), are preempted by the National Bank Act, 12 U.S.C. § 24 ("NBA"). In support of its motion, COBUSANA states as follows:

1.  On or about December 23, 2010, Plaintiff commenced an adversary proceeding against COBUSANA by filing a Complaint in the United States Bankruptcy Court for the Northern District of West Virginia. The Complaint arises out of Plaintiff's failure to make timely payments on three accounts held with COBUSANA, and COBUSANA's attempts at collecting the debt owed on those accounts. Plaintiff alleges that he retained an attorney relating to the indebtedness and provided COBUSANA with "the name, address, and telephone number of his retained counsel" on September 17, 2010. (Compl. at ¶ 12.) Plaintiff alleges that

thereafter, COBUSANA attempted "to collect the debt by contacting Plaintiff at least ten ('10') times . . .", and that such attempts violate WVCCPA 2-128(e). (Compl. at ¶ 21.)

2. The NBA grants national associations, like COBUSANA, with "all such incidental powers as shall be necessary to carry on the business of banking." 12 U.S.C. § 24 (Seventh). "State laws that obstruct, impair or condition a national bank's ability to fully exercise its Federally authorized non-real estate lending powers are not applicable to national banks." 12 C.F.R. § 7.4008(d)(1); see 12 U.S.C. § 1, *et seq.*

3. In determining whether a state law is preempted by the NBA, the court first considers whether it is categorically preempted under the governing regulation; if so, the analysis ends – the law is preempted. If not, the court asks whether the law *affects lending*. If so, there is a presumption that the law is preempted – a presumption that may only be overcome by a clear showing that the law's affect on lending is *no more than incidental*. See Office of Thrift Supervision ("OTS"), *Lending and Investment*, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).

4. Section 2-128(e) of the WVCCPA regulates the manner in which COBUSANA may engage in debt collection by prohibiting it from engaging in "*any communication* with a consumer *whenever it appears* that the consumer is represented by an attorney . . . ." W. Va. Code § 46A-2-128(e) (emphasis added).

5. The federal banking powers extend to the making of, purchasing of, participating in, and dealing loans. See 12 C.F.R. § 7.4008(a). "The power to *collect debts* and repossess collateral property under default *is inseparable* from the power to make or purchase loans, and is arguably an element of participation and dealing in loans." Aguayo v. United States Bank, 658 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009) (emphasis added).

6. By restricting its power to collect debts, the debt collection provisions of section 2-128(e) of the WVCCPA *affect the lending* of COBUSANA, a national bank, and are therefore presumptively preempted by the NBA.

7. Plaintiff cannot overcome the presumption of preemption. The United States District Court for the Northern District of West Virginia has recently ruled that because the provisions in section 2-128(e) of the WVCCPA more than incidentally affect the lending of national banks, section 2-128(e) is preempted by the NBA. See Lomax v. Bank of America, N.A., No. 3:10-cv-48, 435 B.R. 362, 2010 WL 3271970, *7 (N.D. W. Va. Aug 18, 2010); Frye v. Bank of America, N.A., et al., No. 3:10-cv-47, 2010 WL 3244879 (N.D. W. Va. Aug. 16, 2010); and Padgett v. OneWest Bank, FSB, No. 3:10-cv-08, 2010 WL 1539839 (N.D. W. Va. Apr. 19, 2010).

8. Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff's claims for violations of section 2-128(e) of the WVCCPA are preempted by the NBA. The Complaint should be dismissed in its entirety.

WHEREFORE, defendant Capital One Bank (USA), N.A. respectfully requests that this Court dismiss Plaintiff's Complaint against it with prejudice, and award such other and further relief as this Court may deem justified.

> **CAPITAL ONE BANK (USA), N.A.**
>
> **By: Spilman Thomas & Battle, PLLC**
>
> /s/ Bruce M. Jacobs
> James S. Crockett, Jr. (WV State Bar #9229)
> Bruce M. Jacobs (WV State Bar #6333)
> 300 Kanawha Blvd., East
> Charleston, WV 25301
> 304-340-3800
> 304-340-3801 (facsimile)
> jcrockett@spilmanlaw.com
> bjacobs@spilmanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

JAMES JOSEPH MELUZIO ) BANKRUPTCY NO. 10-02083
) Chapter 7
Debtor. )

---

JAMES JOSEPH MELUZIO )
)
Plaintiff/Debtor, )
)
v. ) ADVERSARIAL PROCEEDING
) 1:10-ap-00165
CAPITAL ONE BANK (USA), N.A. )
)
Defendant. )

## CERTIFICATE OF SERVICE

I, Bruce M. Jacobs, counsel for Capital One Bank (USA), N.A., do hereby certify that on February 2, 2011, I served the foregoing **Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Todd B. Johnson
>Johnson Law, PLLC
>Post Office Box 519
>Morgantown, WV 26507-0519


>/s/ Bruce M. Jacobs
>Bruce M. Jacobs (WV State Bar #6333)
>bjacobs@spilmanlaw.com