```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JAMES JOSEPH MELUZIO,**
    **Appellant,**

v.                                                **CIVIL ACTION NO. 1:11CV58**
                                                   **BANKRUPTCY NO. 1:10BK2083**
                                                   **ADV. P. NO. 1:10AP165**
                                                        **(Judge Keeley)**

**CAPITAL ONE BANK (USA), N.A.,**
    **Appellee.**


**MARY KATHERINE ROMEO, and**
**THOMAS JOSEPH ROMEO,**
    **Appellants,**

v.                                                **CIVIL ACTION NO. 1:11CV59**
                                                   **BANKRUPTCY NO. 1:10BK1814**
                                                   **ADV. P. NO. 1:10AP124**
                                                       **(Judge Keeley)**

**CAPITAL ONE BANK (USA), N.A.,**
    **Appellee.**


**TINA KAY JONES, and**
**JASON MICHAEL JONES**
    **Appellants,**

v.                                                **CIVIL ACTION NO. 2:11CV33**
                                                   **BANKRUPTCY NO. 2:10BK1935**
                                                   **ADV. P. NO. 2:10AP125**
                                                       **(Judge Keeley)**

**CAPITAL ONE BANK (USA), N.A.,**
    **Appellee.**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE
BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

      These consolidated appeals stem from three adversary proceedings filed in the United States Bankruptcy Court for the

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

Northern District of West Virginia by the appellants, James Joseph Meluzio ("Meluzio"), Mary Katherine and Thomas Joseph Romeo ("the Romeos"), and Tina Kay and Jason Michael Jones ("the Joneses") (also collectively "the debtors") against Capital One Bank ("Capital One"). After United States Bankruptcy Judge Patrick M. Flatley dismissed the proceedings as preempted under the National Bank Act ("NBA"), these appeals followed. For the reasons discussed below, the Court **REVERSES** the decision of the Bankruptcy Court and **REMANDS** these cases for further proceedings.

**I.**

Meluzio, the Joneses, and the Romeos owed unsecured debts to Capital One. In June, 2010, each began receiving calls from Capital One attempting to collect on these debts. In response, the debtors informed Capital One that they had retained counsel and planned to file for bankruptcy. Despite this, Capital One continued to call them, as a result of which the bankruptcy attorney for the Joneses called and also faxed a letter to Capital One verifying his representation and demanding that it stop contacting his clients. Counsel for Meluzio and the Romeos did the same. Capital One, however, continued to make collection calls to the debtors.

2

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

On September 8, 2010, the Joneses and Romeos filed for Chapter 7 protection in the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court"), and on December 23, 2010, Meluzio filed as well. As part of the filings in their cases, the debtors commenced adversary proceedings against Capital One (dkt. no. 1-4), claiming it had violated § 46A-2-128(e) of the West Virginia Consumer Credit and Protection Act ("WVCCPA") by continuing its collection calls after being informed they had retained counsel. Capital One responded by moving to dismiss these state law claims as preempted by the NBA (dkt. no. 1-5).

On March 7, 2011, the Bankruptcy Court granted Capital One's motions to dismiss, concluding that, although the NBA did not expressly preempt § 46A-2-128(e), the appellants' claims were preempted under the doctrine of conflict preemption (dkt. no. 1-11). Pursuant to Fed. R. Bankr. P. 8001 and 28 U.S.C. § 158(a)(1), Meluzio, the Joneses, and the Romeos appealed that decision to this Court on April 21, 2011 (dkt. no. 1).

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

**II.**

**A.**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). It reviews the Bankruptcy Court's application of the law de novo, but may not set aside its findings of fact unless they are clearly erroneous. In re Biondo, 180 F.3d 126, 130 (4th Cir. 1999). "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quotations omitted). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Id.

**B.**

In concluding that the NBA preempted the appellants' claims, the Bankruptcy Court relied heavily on two decisions in this District in which Chief Judge Bailey held that, because § 46A-2-128(e) of the WVCCPA more than incidentally affected lending, it was preempted by the NBA. See Lomax v. Bank of America, N.A., 435

4

**MELUZIO V. CAPITAL ONE BANK**                          **1:11CV58**
**ROMEO, ET AL. V. CAPITAL ONE BANK**                   **1:11CV59**
**JONES, ET AL. V. CAPITAL ONE BANK**                    **2:11CV33**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

B.R. 362, 369-70 (N.D.W. Va. Aug. 18, 2010); Frye v. Bank of America, N.A., No. 3:10CV47, 2010 WL 3244879, at *7 (N.D.W. Va. Aug 16, 2010). After the Bankruptcy Court's decision, however, the legal analysis governing preemption by the NBA changed radically following enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), and publication of accompanying amended regulations by the Office of the Comptroller of the Currency ("OCC").

As a result of this reset of the law governing, among others, consumer financial transactions, Chief Judge Bailey abandoned his reasoning in Lomax and Frye in O'Neal v. Capital One Auto Finance, Inc., No. 3:10-0040, 2011 WL 4549148, at *7 (N.D.W. Va. Sept. 29, 2011), where he held that the NBA does not preempt subsection 128(e). Recent decisions from other district courts in West Virginia have also reached the same conclusion. See Cline v. Bank of Am., N.A., No. 2:10-1295, 2011 WL 4857934, at *10 (S.D.W. Va. Oct. 13, 2011); and Smith v. BAC Home Loans Servicing, LP, 769 F. Supp. 2d 1033, 1043-44 (S.D.W. Va. 2011).

### III.

The doctrine of preemption is rooted in the Constitution's Supremacy Clause. See U.S. Const. art. VI, cl. 2. "[T]he purpose of

5

**MELUZIO V. CAPITAL ONE BANK**  1:11CV58
**ROMEO, ET AL. V. CAPITAL ONE BANK**  1:11CV59
**JONES, ET AL. V. CAPITAL ONE BANK**  2:11CV33

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

Congress is the ultimate touchstone in every preemption case," and there is a "basic assumption that Congress did not intend to displace state law." Wyeth v. Levine, 555 U.S. 129, S. Ct. 1187, 1194 (2009); Maryland v. Louisiana, 451 U.S. 725, 746 (1981); S. Blasting Servs., Inc. v. Wilkes Cnty., 288 F.3d 584, 589 (4th Cir. 2002). The States' police powers are not to be superceded by federal law "unless that was the clear and manifest purpose of Congress." Wyeth, 129 S. Ct. at 1194-95 (2009); S. Blasting, 288 F.3d at 590.

A federal law may preempt state or local law, however, in any of three ways:

> First, Congress may expressly preempt such laws. Second, in the absence of express preemptive language, Congress' intent to preempt state law may be implied when "federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." Finally, preemption will also be implied if state or local law "actually conflicts with federal law." Such a conflict occurs "when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

Id. at 590 (citations omitted). In addition to federal statutes, properly enacted and promulgated regulations may also preempt

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

conflicting state or local actions. <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 191 (4th Cir. 2007).

**A.**

Although the NBA contains no express preemption provision, it provides national banks with several broad powers and grants the OCC power to regulate those banks. Pursuant to that regulatory framework, national banks "are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or general purposes of the NBA." <u>Watters v. Wachovia Bank, N.A.</u>, 550 U.S. 1, 10 (2007). Therefore, the States may "regulate the activities of national banks where doing so does not prevent or significantly interfere with the national bank's or national bank regulator's exercise of its powers." <u>Id.</u> Congress codified these concepts as part of its sweeping reform of federal financial regulatory oversight in the Dodd-Frank Act.

Among these reforms was an entirely new provision addressing NBA preemption, 12 U.S.C. § 25b (effective July 21, 2011), which, in pertinent part, provides:

> State consumer financial laws are preempted, only if–
>
> (A) application of a State consumer financial law would have a discriminatory effect on national banks, in

**MELUZIO V. CAPITAL ONE BANK**                                                              **1:11CV58**
**ROMEO, ET AL. V. CAPITAL ONE BANK**                                     **1:11CV59**
**JONES, ET AL. V. CAPITAL ONE BANK**                                       **2:11CV33**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE
BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

---

> comparison with the effect of the law on a bank chartered by that State;
>
> (B) in accordance with the legal standard for preemption in the decision of the Supreme Court of the United States in <u>Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner, et al.</u>, 517 U.S. 25 (1996), the State consumer financial law prevents or significantly interferes with the exercise by the national bank of its powers; and any preemption determination under this subparagraph may be made clear by a court, or by regulation or order of the Comptroller of the Currency on a case-by-case basis, in accordance with the applicable law; or
>
> (C) the State consumer financial law is preempted by a provision of Federal law other than title 62 of the Revised Statutes.

12 U.S.C. § 25b(b)(1). Section 25b defines "State consumer financial law" as a "State law that does not directly or indirectly discriminate against national banks and that directly and specifically regulates the manner, content, or terms and conditions of any financial transaction (as may be authorized for national banks to engage in), or any account related thereto, with respect to a consumer." <u>Id.</u> § 25b(a)(2).

    The OCC has also revised its preemption provision to reflect the Dodd-Frank Act reforms. <u>See</u> 12 C.F.R. § 7.4008. As amended, § 7.4008(e) now provides:

> State laws on the following subjects are not inconsistent with the non-real estate lending powers of national banks

8

**MELUZIO V. CAPITAL ONE BANK**                                               **1:11CV58**
**ROMEO, ET AL. V. CAPITAL ONE BANK**                                  **1:11CV59**
**JONES, ET AL. V. CAPITAL ONE BANK**                                   **2:11CV33**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

>    and apply to national banks to the extent consistent with the decision of the Supreme Court in <u>Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner, et al.</u>, 517 U.S. 25 (1996):
>
>    (1) Contracts;
>
>    (2) Torts;
>
>    (3) Criminal law . . .;
>
>    (4) Rights to collect debts;
>
>    (5) Acquisition and transfer of property;
>
>    (6) Taxation;
>
>    (7) Zoning; and
>
>    (8) Any other law that the OCC determines to be applicable to national banks in accordance with the decision of the Supreme Court in <u>Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner, et al.</u>, 517 U.S. 25 (1996) or that is made applicable by Federal law.

12 C.F.R. § 7.4008(e) (footnote omitted).

**B.**

The Dodd-Frank Act and its accompanying regulations thus clarify that NBA preemption no longer depends on whether a state law obstructs, impairs, or conditions a national bank's full exercise of its lending powers, or more than incidentally affects the exercise of such powers. Rather, courts are to determine whether state laws having an effect on national banks are preempted

9

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

by applying the conflict preemption principles articulated in the Supreme Court's decision in Barnett Bank. See Cline, 2011 WL 4857934, at *7 (citing 76 Fed. Reg. 43549-01 (Jul. 21, 2011) (noting that certain regulatory amendments, including the deletion of the "obstruct, impair, or condition" language, "will remove any ambiguity that the conflict preemption principles of the Supreme Court's Barnett Bank decision are the governing standard for national bank preemption")).

In Barnett Bank, the Supreme Court concluded that a federal statute permitting national banks to sell insurance in small towns preempted a state statute forbidding the practice. 517 U.S. at 31. In reaching this conclusion, the Court emphasized that the two statutes were in "irreconcilable conflict." Id. Although the statutes did not impose directly conflicting duties on national banks, the state statute authorized banks to engage in practices that the federal statute expressly forbade, and thus stood as "an obstacle to the accomplishment" of one of the federal law's purposes. Id.

By codifying the Barnett Bank decision, the Dodd-Frank Act directs courts to determine national bank preemption by analyzing whether a state statute is irreconcilably in conflict with the NBA.

**MELUZIO V. CAPITAL ONE BANK**                                                              **1:11CV58**
**ROMEO, ET AL. V. CAPITAL ONE BANK**                                                  **1:11CV59**
**JONES, ET AL. V. CAPITAL ONE BANK**                                                  **2:11CV33**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

Thus, courts must now determine whether the state measure "either (1) imposes an obligation on a national bank that is in direct conflict with federal law, or (2) stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Cline, 2011 WL 4857934, at *9.

### IV.

Applying these conflict preemption standards here, the question is whether the NBA preempts the appellants' claims under § 46A-2-128(e) of the WVCCPA. Initially, it is worth noting that, although the Dodd-Frank Act became effective after the commencement of this action, its provisions apply to the resolution of this question. In Chambers v. Reno, 307 F.3d 284, 289 (4th Cir. 2002), the Fourth Circuit discussed retroactivity, stating:

> A new statute does not produce a retroactive effect "merely because it is applied in a case arising from conduct antedating the statute's enactment." The question instead is "whether the new provision attaches legal consequences to events completed before its enactment." A statute would attach new legal consequences to prior events if its application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."

Id. (citations omitted). Section 25b and § 7.4008 have not impaired Capital One's rights, increased its liability, or imposed new

11

**MELUZIO V. CAPITAL ONE BANK**                                      **1:11CV58**
**ROMEO, ET AL. V. CAPITAL ONE BANK**                                **1:11CV59**
**JONES, ET AL. V. CAPITAL ONE BANK**                                **2:11CV33**

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

duties upon it. The present controversy concerns only the question of NBA preemption, which was equally significant to the parties before enactment of the recent amendments. These amendments, thus, "are better understood as clarifications of the law as opposed to substantive changes thereof, . . . and their application here does not work an impermissible retroactive effect." Cline, 2011 WL 4857934, at *8. Accordingly, the Court will apply § 25b and § 7.4008, as amended, here.

Section 128 of the WVCCPA makes it unlawful for debt collectors to use "unfair or unconscionable means to collect or attempt to collect any claim." The appellants allege a cause of action under subsection 128(e), which specifically prohibits:

> Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

W. Va. Code § 46A-2-128(e).

Under § 25b, NBA preemption applies to "State consumer financial laws." 12 U.S.C. § 25b(a)(2). Initially, to fit within this definition, a state law may "not directly or indirectly discriminate against national banks." Id. Section 128 of the WVCCPA

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

satisfies this part of the definition as it applies generally to "debt collectors" regardless of their status as national banks. See Cline, 2011 WL 4857934, at *9.

Subsection 128(e) of the WVCCPA does not fall within the remainder of § 25b's definition of a "State consumer financial law," however. Section 25b only preempts statutes that "directly or specifically regulate[] the manner, content, or terms and conditions of any financial transaction (as may be authorized for national banks to engage in), or any account related thereto, with respect to a consumer." § 25b(a)(2). Section 128 of the WVCCPA was not designed to regulate financial transactions or accounts, but rather to protect West Virginia residents from unfair and abusive collection practices. See Cline, 2011 WL 4857934, at *10; Chevy Chase Bank v. McCamant, 512 S.E.2d 217, 224 (W. Va. 1998). When viewed in this light, subsection 128(e) clearly does not fall within the definition of "State consumer financial laws" under § 25b, and the appellants' claims are thus not preempted.

Because the appellants' claims survive NBA preemption under the Dodd-Frank Act, it necessarily follows that they also are not preempted under the OCC's regulatory counterpart, § 7.4008. Both the Act and the OCC regulation tie preemption to the Barnett Bank

13

Case 1:11-cv-00058-IMK   Document 11   Filed 03/13/12   Page 14 of 15   PageID #: 236

**MELUZIO V. CAPITAL ONE BANK**                                    1:11CV58
**ROMEO, ET AL. V. CAPITAL ONE BANK**                              1:11CV59
**JONES, ET AL. V. CAPITAL ONE BANK**                              2:11CV33

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

standard, under which preemption applies only to state laws that "either (1) impose an obligation that is in direct conflict with federal law, or (2) stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Cline, 2011 WL 4857934, at *10.

Section 128 of the WVCCPA does neither. First, its prohibition on unfair or unconscionable collections practices is not in direct conflict with any federal law because no law provides for such conduct. Nor does its prohibition on annoying and abusive collection calls interfere with the purposes and objectives of the NBA. National banks such as Capital One may still make loans and collect debts but, like every other debt collector in West Virginia, they must abide by subsection 128(e)'s proscription on unconscionable collection practices when doing do. See id.; O'Neal, 2011 WL 4549148, at *6.

**V.**

For the reasons stated, the Court **REVERSES** the order of the Bankruptcy Court granting the defendant Capital One's motions to dismiss and **REMANDS** these cases to that court for further proceedings consistent with this Opinion.

| | |
|---|---|
| **MELUZIO V. CAPITAL ONE BANK** | **1:11CV58** |
| **ROMEO, ET AL. V. CAPITAL ONE BANK** | **1:11CV59** |
| **JONES, ET AL. V. CAPITAL ONE BANK** | **2:11CV33** |

**MEMORANDUM OPINION AND ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING CASES TO THE BANKRUPTCY COURT**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia and to counsel of record.

DATED: March 13, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE